## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

INGRID FORD,                                    CASE NO:

    Plaintiff,

v.

KAPLAN UNIVERSITY D/B/A IOWA
COLLEGE, a Foreign Profit Corporation,
KAPLAN EDUCATIONAL CENTERS,
INC. and KAPLAN INC.; and
WENDY LUTHERAN, an individual,

    Defendants.
_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendants, Kaplan University d/b/a Iowa College, Kaplan Educational Centers, Inc., Kaplan, Inc., and Wendy Lutheran (collectively, "Defendants"), through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove this action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

    1.    On or about May 3, 2021, Plaintiff, Ingrid Ford ("Plaintiff"), filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned as *Ingrid Ford v. Kaplan University d/b/a Iowa College, Kaplan Educational Centers, Inc., Kaplan Inc., and Wendy Lutheran*, Case No. CACE-21009135 (the "State Action"). A copy of the State Action was served on Defendants on May 27, 2021. This constituted Defendants' first legal notice of the State Action for purposes of removing the State Action to this Court.

2. A true and correct copy of the record and all filings in the State Court Action is attached together hereto as Exhibit "A" and incorporated herein by reference pursuant to Federal Rule of Civil Procedure 10(c). No other process, pleadings or orders have been served upon Defendants.

3. Plaintiff's three-count Complaint seeks damages for alleged violations of the Americans with Disabilities Act ("ADA") and tortious interference with an employment relationship. [*See* Complaint, ¶¶ 16-47.]

4. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *see, e.g., Lawson v. Garcia-Lawson*, 398 Fed. Appx. 572, 572-73 (11th Cir. 2010); *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1311 (S.D. Fla. 2012).

5. Under federal question jurisdiction, the United States District Courts "have original jurisdiction over all civil actions arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1331. Because Plaintiff brings claims arising under the ADA, district courts have original jurisdiction pursuant to 28 U.S.C. § 1331. *See Davis v. Starkman*, 2005 WL 8156833 (S.D. Fla. Oct. 5. 2005) (explaining that the court has federal question jurisdiction over a claim arising under the ADA). Therefore, this Court has federal question jurisdiction over Counts I and II of Plaintiff's Complaint

6. This Court also has supplemental jurisdiction over Counts II and III of Plaintiff's Complaint, disability discrimination in violation of the Florida Civil Rights Act and tortious interference, respectively, pursuant to 28 U.S.C. § 1367(a). "District Courts have the power to exercise supplemental jurisdiction over all state law claims that are so related to claims that are within the Court's original jurisdiction that they form part of the same 'case or controversy' under Article III of the United States Constitution." *Mercado v Congress Auto Parts Co.*, Case No. 18-cv-80325-BB, 2018 WL 3353059 (S.D. Fla. June 13, 2018).

7. This Court has supplemental jurisdiction over Counts II and III of Plaintiff's Complaint because the claims arise from the same facts, witnesses, and evidence. *See Hopkins v. American Security Grp. A-1, Inc.*, Case No. 17-22447-CIV-MORENO, 2017 WL 4326099 (S.D. Fla. Sept. 26, 2017) (exercising supplemental jurisdiction over state law claim that arises out of the same set of facts).

8. Plaintiff re-alleges and re-incorporates the same factual allegations into each Count. The same facts are applicable to each individual Count in Plaintiff's Complaint. Therefore this Court has supplemental jurisdiction over Counts II and III of Plaintiff's Complaint.

6. This Notice of and Petition for Removal is filed within thirty (30) days after the date on which Defendant first received notice of the State Action. *See* 28 U.S.C. § 1446(b). Defendant has not yet filed any responsive pleading in this matter.

7. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1367.

8. Defendant has, simultaneously with the filing of this Notice of and Petition for Removal, giving written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

9. A copy of this Notice of and Petition for Removal has simultaneously been filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

10. Venue is proper in the Southern District of Florida in that the State Court action is pending within the jurisdictional confines of this district.

**WHEREFORE**, Defendants hereby remove this case to the United States District Court for the Southern District of Florida.

Date: June 16, 2021

Respectfully submitted,

*/s/ Susan N. Eisenberg*
Susan N. Eisenberg
Florida Bar No. 600393
seisenberg@cozen.com
Arielle S. Eisenberg
Florida Bar No. 0111467
aeisenberg@cozen.com
Cozen O'Connor
200 S. Biscayne Blvd.
Suite 3000
Miami, Fla. 33131
Telephone: 305-704-5941
Facsimile: 305-704-5955

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Susan N. Eisenberg*
Susan N. Eisenberg

4

## SERVICE LIST

*Ingrid Ford v. Kaplan University, et. al.*

**United States District Court
Southern District of Florida**

*Case No.:*

David McGill, Esq.
dkmcgill@mcgilllegal.com
McGill Legal LLC
2655 Le Jeune Road, Suite 401
Coral Gables, FL 33134
Telephone: (786) 375-5621
*Attorney for Plaintiff*

*Served via CM/ECF*

Susan N. Eisenberg, Esq.
seisenberg@cozen.com
Arielle S. Eisenberg, Esq.
aeisenberg@cozen.com
Cozen O'Connor
200 S. Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: (305) 704-5941
Facsimile:  (305) 704-5955
*Attorneys for Defendants*

*Served via CM/ECF*